EDWIN B. SMITH ET AL., PROSECUTORS, v. THE BOROUGH OF AVON–BY–THE–SEA.

Argued May 10, 1902—Decided May 12, 1902.

The act of May 22d, 1894 "authorizing the lighting of public streets and places in the cities, townships, boroughs and villages of the state, and to erect and maintain the proper appliances" (*Pamph. L.*, p. 477), is not repealed as to boroughs by the general repealer clause in the General Borough act of 1897; and, under the act of 1894, it is within the power of a borough to contract with an individual to light its streets for five years.

On *certiorari*.

Before Justice FORT, by consent of parties, under section 295 of the Practice act.

For the prosecutors, *George W. W. Porter.*

For the defendant, *David Harvey, Jr.*

Memorandum of decision by .

FORT, J. But one question was contended for or argued in this case, viz., that it is not within the power of a borough to contract with an individual to light its streets for five years.

It is contended that section 31 of the General Borough act of 1897, which permits such a contract with a private company, is intended to exclude the right of the borough to contract for five years in any other way. *Pamph. L., p.* 300, § 31.

If this provision of the Borough act were the only authority to contract for public lighting that boroughs possessed, the contention would be sound. Such, however, is not the case.

A general act relative to public lighting applying to boroughs and other municipalities existed at the time the General Borough act was passed, and is still operative. This act is broad enough to cover the contract awarded in this case. It applies to cities, towns, townships and villages as well as boroughs. *Pamph. L.* 1894, *p.* 477.

The act of 1894 is not repealed as to boroughs by the general repealer clause in the Borough act. That clause only repeals inconsistent legislation, and the right to contract for a term of five years with an individual is not inconsistent with a like right to contract with a private company, as was contended. Both rights may stand.

Repeal by implication is not favored, and it is only where the clear intent of the legislature to repeal is apparent that it will be so held. *Morris and Essex Railroad Co.* v. *Commissioners,* 8 *Vroom* 228; *Industrial School District* v. *Whitehead,* 2 *Beas.* 290.

The act of 1894 is a general act, and gives ample authority to contract as was done in this case. *Oakley* v. *Atlantic City,* 34 *Vroom* 127.

The writ will be dismissed.